## DANA vs. STANFORD.*

*Twelfth Judicial District Court, October,* 1857.

### ASSIGNMENT—MORTGAGE.

Where an insolvent debtor mortgages all his property to one of his creditors, in order to secure the latter in the payment of his debt, and also to pay off the debts of other creditors, for which he is liable as endorser, the transaction is not an illegal assignment under our insolvent law.

The facts of this case are substantially as follows: Deitz, a merchant in the camphene and turpentine business, finding himself in failing circumstances, executed a *mortgage* of all his personal property to Stanford Bros., and transferred to them the possession. The terms of the mortgage were, that the mortgagees should sell the property with reasonable diligence, and should pay themselves with the proceeds to the amount of various debts which Deitz owed them, and which were then due, and also including sundry endorsements, executed by the Stanfords, for the accommodation of the mortgagor, which notes were not yet due, but which the mortgagees paid upon maturity. Since the

* See ante, p. 182.

transfer of the property the mortgagees have continued the business in which Deitz was engaged, but have kept the accounts of the sales of the various portions thereof, distinct from their own private accounts current, and 'have also kept separate from their own goods the property itself.

This action is brought by W. A. Dana, one of the other creditors of the insolvent, to set aside this mortgage, on the ground of its being such an assignment of his property, by an insolvent debtor, as is void under our law, as settled and declared by the Supreme Court of this State, and then to apply the necessary portion of the proceeds of the property, now in the defendant's hands, to the liquidation of plaintiff's debt.

*S. M. Bowman*, for plaintiff.

*Crockett & Page*, for defendant.

The case was tried by the court, without a jury.

NORTON, J.—The ground upon which this action, to set aside this mortgage, is founded, is, that under cover of the mortgage, Deitz had made an assignment in fact of all his property, to the defendants, and with the intent to hinder and delay other creditors. As far as the instrument by which the right of possession of the property is conveyed, shows on its face, it is a mortgage, in the strictest sense and definition of the word, and is not an assignment. It is too well settled to admit of discussion that, in the absence of any statutory prohibition, a party, when in failing circumstances, may either pay any creditor or creditors whom he may elect to prefer, or he may give them such security for the liquidation of their demands, as lies within his power. The fact that the mortgagee, in this instance, is to sell the property which has been placed under his control, to secure him in the payment of his debt, in no way injures or affects the legal force and effect of the mortgage itself. The mortgage leaves the general right of the property in the mortgagor, and merely subjects the property to a lien for the amount which the instrument expresses. The creditor plaintiff, Dana, may buy the equity of redemption of the insolvent, which exists necessarily, from the very nature of a mortgage, and may appropriate it toward the payment of his debt.

The same question has arisen in this case that was mooted in the case of McKenty vs. Gladwin, Hugg & Co.,* that is, that the mortgage, by its terms, authorizes the mortgagees to appropriate a sufficient portion of the proceeds of the stock, to the liquidation of debts to become due after the execution of the mortgage itself; that is, the indebtedness which would arise from Deitz to the mortgagees, upon the payment by the latter of various notes of the former, on which they had become endorsers.

I held in that case, and having seen no reason to alter the conclusion to which I then came, I shall hold now, that that circumstance alone does not invalidate the transaction. In this case Stanford Bros. are undoubtedly accountable to Dana, and the other creditors of Deitz, for all the proceeds which they may realize upon the property, by which they have been secured, over and above the amount of their debt and liabilities; and in an action against them for such surplus, the plaintiffs would clearly be entitled to recover, and possibly might compel them to account for any profits made by using the property instead of selling it. On the whole, however, I can see no good reason why this mortgage should be disturbed.